ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN K. GRANT (169813)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
johnkg@rgrdlaw.com
        – and –
TRICIA L. McCORMICK (199239)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS MULLIGAN, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   vs.<br><br>IMPAX LABORATORIES, INC., et al.,<br><br>   Defendants. | No. 3:13-cv-01037-EMC<br><br><u>CLASS ACTION</u><br><br>LEAD PLAINTIFF MOVANT GOVERNMENT OF BERMUDA CONTRIBUTORY AND PUBLIC SERVICE SUPERANNUATION PENSION PLANS' SUBMISSION IN RESPONSE TO THE COURT'S ORDER DATED JUNE 17, 2013<br><br>DATE:     June 21, 2013<br>TIME:     1:30 p.m.<br>CTRM:   5, 17th Floor |

On June 17, 2013, the Court issued an Order directing the lead plaintiff movants to submit a calculation of financial interest under the retained shares method set out by the court in *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 U.S Dist. LEXIS 64633 (N.D. Cal. Aug. 22, 2008) (Patel, J.).[1]  Dkt. No. 45.  The Bermuda Pension Plans' retained share loss calculation is attached hereto as Exhibit A.  As Judge Patel did when calculating the retained share losses of the parties in *Verifone*, the Bermuda Pension Plans subtracted the total number of shares sold during the class period from the total number of shares purchases during the class period to find the number of retained shares.  *See Verifone*, 2008 U.S. Dist. LEXIS 64633, at *16-*20.  The purchase price used was the price of the most recent stock purchase during the class period.  *Id.* at *14.  The retention share value or sales proceeds was calculated using the higher of either: (i) the actual sale price; or (ii) the average share price in the 90 days following the end of the class period, or $16.86.  *See id*.

The attached calculation shows all of the movants' retained share losses as calculated by the court in *Verifone*.  The retained share calculation for the Bermuda Pension Plans and for Pontiac is the same under either the class period in *Mulligan v. Impax Laboratories, Inc., et al.*, No. 3:13-cv-01037-EMC (the shorter class period), or the class period in *Haverhill Retirement System v. Impax Laboratories, Inc., et al.*, No. 3:13-cv-01566-EMC.  The Boilermaker Fund submitted only its transactional data for the shorter period with its opening motion, and improperly and untimely attempted to supplement its financial interest by submitting its transactions in the longer class period two weeks after the lead plaintiff motions were due.  *Compare* Dkt. Nos. 17-2 and 36.  Because the data for the longer period was not timely submitted, the data is not properly considered in calculating the Boilermaker Fund's financial interest, and only the timely submitted data was used in the attached chart.  *See* Dkt. No. 39 at 5-7; *see also In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803,

---

[1]  The lead plaintiff movants are: (1) Government of Bermuda Contributory and Public Service Superannuation Pension Plans (the "Bermuda Pension Plans"); (2) the City of Pontiac General Employees Retirement System ("Pontiac"); and (3) Boilermaker Blacksmith National Pension Trust (the "Boilermaker Fund").  While the Court noted that Pontiac has conceded it does not have the largest financial interest, its loss calculation is included in the Bermuda Pension Plans' chart to demonstrate that the Bermuda Pension Plans has a larger financial interest than any of the movants.

819 (N.D. Ohio 1999) ("The motives of [the movant], however, are irrelevant to the fact that supplementation is not contemplated by the PSLRA, and do not alter the fact that supplementation after the expiration of the sixty (60) day period would not only be inconsistent with the language and purposes of the PSLRA, but would effectively nullify the time limits expressly provided therein."); *Carson v. Clarent Corp.*, No. C 01-03361 CRB, 2001 U.S. Dist. LEXIS 22059, at *7 (N.D. Cal. Dec. 14, 2001) (Breyer, J.) ("The PSLRA does not have different filing deadlines based on the financial interest of the movant."). As the chart demonstrates, the Bermuda Pension Plans possess the largest retained share loss of the competing movants.

The Boilermaker Fund claims that "retained shares" are different from "net shares purchased," and urges the Court to ignore its sale of 74,256 shares which it asserts are shares purchased prior to the class period. Dkt. No. 37 at 5-6. By its own admission, the Boilermaker Fund has only 2,819 net shares purchased because, during the class period, "it sold a large number of shares acquired before the class period." *Id.* at 6. The Boilermaker Fund asks this Court to ignore the *Verifone* analysis and the actual facts – that is the "large number of shares" it sold during the class period (74,256) – and find that the Boilermaker Fund retained over 77,000 shares.[2] *Id.*

Contrary to the Boilermaker Fund's claim that net shares purchased and "retained shares" are different, no court, including the court in *Verifone*, has treated shares purchased prior to the class period (but sold during the class period) as the Boilermaker Fund now attempts to do. In fact, Judge Patel in *Verifone* subtracted the total number of shares sold from the total number of shares

---

[2] Significantly, the Boilermaker Fund's First-In, First-Out ("FIFO") and Last-In, First-Out ("LIFO") loss calculations also **both** ignore the sales of 74,256 shares during the class period because they were purchased before the class period. Dkt. No. 17-2. This is evident because the Boilermaker Fund's net funds expended is only $68,124.98. The only way for a movant to assert that it has a loss that is hundreds of thousands of dollars **more** than the movant's net funds expended (which is what the Boilermaker Fund does) is to arbitrarily ignore the proceeds from some of its sales of stock during the class period. Courts that have embraced LIFO over FIFO have done so because "'unlike FIFO, it takes into account gains that might have accrued to plaintiffs during the class period due to the inflation of the stock price.'" *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *33 (N.D. Cal. Feb. 15, 2011) (Koh, J) (citation omitted). Here, however, neither the Boilermaker Fund's FIFO nor its LIFO calculation accounts for the proceeds from the Boilermaker Fund's sale of 74,256 shares of stock during the class period. *See* Dkt. No. 17-2.

1  purchased (or calculated **net shares purchased**) yielding "retained shares." *See Verifone*, 2008 U.S. Dist. LEXIS 64633, at *16-*20. It is also clear that courts have repeatedly rejected attempts by lead plaintiff movants to exclude class period sales of pre-class period purchases from the loss calculation. *See Perlmutter*, 2011 U.S. Dist. LEXIS 16813, at *33-*34 (noting courts tend to reject an accounting method where it may "inflate damages because ***it does not consider gains obtained from sales of stock during the class period***") (emphasis added); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS 14878, at *24 (S.D.N.Y. Mar. 2, 2007) (financial interest chart equating "shares retained" with "net shares purchased"). As a result, the Bermuda Pension Plans urge the Court to reject the Boilermaker Fund's attempts to ignore and/or manipulate *Verifone* by redefining "retained shares" and instead, use the net shares calculation (total number of shares sold subtracted from total number of shares purchased during the class period) to determine the movants' "retained shares." This is consistent with *Verifone* and ensures that all sales of all shares during the class period are taken into account.

DATED:  June 18, 2013                                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRICIA L. McCORMICK


                                 s/ TRICIA L. McCORMICK
                                   TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN K. GRANT
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

[Proposed] Lead Counsel for Plaintiffs

1
2   LABATON SUCHAROW LLP
    CHRISTOPHER J. KELLER
3   MICHAEL W. STOCKER
    140 Broadway, 34th Floor
4   New York, NY 10005
    Telephone: 212/907-0700
5   212/818-0477 (fax)

6   Additional Counsel for Plaintiff

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 18, 2013.

s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:TriciaM@rgrdlaw.com

# Mailing Information for a Case 3:13-cv-01037-EMC

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Shpetim Ademi**
  sademi@ademilaw.com

- **Thomas C. Bright**
  tbright@gbclaw.com

- **Solomon B. Cera**
  scera@gbcslaw.com,keg@gbcslaw.com,jrl@gbcslaw.com

- **Patrick Edward Gibbs**
  patrick.gibbs@lw.com,svdocket@lw.com,zoila.aurora@lw.com,Jennifer.Duckworth@lw.com

- **John K. Grant**
  johnkg@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Tricia Lynn McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Blair Allen Nicholas**
  blairn@blbglaw.com,denab@blbglaw.com,amyn@blbglaw.com,kayem@blbglaw.com,jessica.cuccurullo@blbglaw.com,nikim@blbglaw.com

- **Marcy Christina Priedeman**
  marcy.priedeman@lw.com,#sfdocket@lw.com

- **Darren Jay Robbins**
  e_file_sd@rgrdlaw.com

- **Peter Allen Wald**
  peter.wald@lw.com,caroline.yu@lw.com,#sfdocket@lw.com,john.eastly@lw.com

- **David Conrad Walton**
  davew@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,tcraig@rgrdlaw.com,e_file_sf@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Guri                Ademi
Ademi & O'Reilly LLP
3620 East Layton Avenue
Cudahy, WI 53110

Catherine           J. Kowalewski
Robbins Geller Rudman & Dowd LLP
655 W Broadway
Suite 1900
San Diego, CA 92101
```