SOLOMON B. CERA (State Bar No. 99467)
THOMAS C. BRIGHT (State Bar No. 169713)
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 777-2230
Fax: (415) 777-5189
Email: scera@gbcslaw.com
Email: tbright@gbcslaw.com

*Liaison Counsel for Lead Plaintiff the Boilermaker
Blacksmith National Pension Trust*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DENIS MULLIGAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>IMPAX LABORATORIES, INC., LARRY HSU, and ARTHUR A. KOCH<br><br>Defendants.<br><br>(caption continued on next page) | Case No.: 13-cv-01037-EMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Class Action |

COHEN MILSTEIN
SELLERS & TOLL PLLC
ATTORNEYS AT LAW

STIPULATED PROTECTIVE ORDER

CASE NUMBER: 13-cv-01037 EMC

HAVERHILL RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

        vs.

IMPAX LABORATORIES, INC., LARRY HSU, and ARTHUR A. KOCH

        Defendants.

Case No.: 13-cv-01566-EMC

## 1.  PURPOSES AND LIMITATIONS

Certain information sought in discovery and for preparation for the trial of this action may be confidential, private, or proprietary in nature requiring special protection from public disclosure and from use for any purpose other than prosecuting this litigation.  Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), the parties to the above-entitled action (the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## 2. DEFINITIONS

2.1.    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.    Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, responses, admissions, testimony, transcripts, or tangible things) that are produced or generated in responses to discovery in this matter.

2.3.    "CONFIDENTIAL" Information or Items: information (regardless of how generated, stored, or maintained) or tangible things that (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information, (b) that contains private or confidential personal information, (c) that contains information received in confidence from non-parties, or (d) which the producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2.4.    Receiving Party: a Party that receives Discovery Material from a Producing Party.

2.5.    Producing Party: a Party or nonparty that produces Discovery Material in this action.

2.6.   <u>Designating Party</u>: a Party or nonparty that designates information or items that it produces in responses to discovery as "CONFIDENTIAL."

2.7.   <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL."

2.8.   <u>Document</u>:  any designated documents or electronically stored information— including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained, as set in forth Rule 34 of the Federal Rules of Civil Procedure, including without limitation all originals, copies, duplicates, and abstracts, and any notes, comments, or revisions appended thereto.

2.9.   <u>Counsel</u>:  A Party's legal counsel (whether in-house or outside), as well as their support staffs and their Professional Vendors.

2.10.   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; reporting; transcribing; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom that contains protected material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that would reveal Protected Material.  Nothing herein shall impose any restrictions on a

Designating Party from disclosing its own Protected Material as it deems appropriate.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1.  <u>Designating Material for Protection</u>. Each Party or nonparty that designates information or items for protection under this Order must do so in good faith and take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those documents, items, or oral or written communications that qualify – so that other documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process, or to impose unnecessary expenses and burdens on other parties), are not authorized by this Order.

If it comes to a Party's or a nonparty's attention that information or items that it designated for protection do not qualify for protection, that Party or nonparty must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.  Within 30 days of receipt of Discovery Material

from a nonparty, any Receiving Party may designate the material as "CONFIDENTIAL."

A Party or nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") on each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that any Party or nonparty may identify on the record, before the close of the deposition, hearing, or other proceeding, any portions of the testimony that qualify as "CONFIDENTIAL."  Alternately, any Party or nonparty may designate portions of the deposition transcript "CONFIDENTIAL" (whether or not previously identified as such on the record) by written notice served on all Parties within twenty (20) business days after the receipt of the final transcript of such proceeding.  All testimony, exhibits, and transcripts of depositions or other testimony shall be treated as Protected Material in accordance with the provisions of this Protective Order before such twenty (20) day period has expired.  Transcripts containing Protected Material must be prominently marked "CONFIDENTIAL," as instructed by the Party or nonparty seeking such protection, and those portions of the transcript that contain Protected Material must be clearly indicated.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. <u>Timing of Challenges</u>. Written notice of an intent to challenge a confidentiality designation must be provided within 60 days of the completion of Expert Discovery, and in any event, not less than 30 days prior to the trial. The notice of intent to challenge must identify the specific material the Receiving Party believes is inappropriately designated as "CONFIDENTIAL" and include a short statement identifying the basis for that belief.

6.2. <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.

6.3. <u>Judicial Intervention for Party Documents</u>.  A Party that elects to challenge a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Designating Party's designation.

6.4. <u>Judicial Intervention for Nonparty Documents</u>. After a Party designates documents produced by a nonparty pursuant to a Rule 45 subpoena as "CONFIDENTIAL", and does so by notifying all Parties in writing of each document so designated, any Party may challenge the designation by notifying the Designating Party in writing of any such documents that it believes

do not qualify for protection under this Order.  The Designating Party and the challenging Party must then meet and confer to attempt to resolve their disagreements.  If the parties are unable to resolve their disagreements, the challenging Party must so notify the Designating Party in writing.  Then, the challenging Party may file and serve a motion to have the confidentiality designation lifted, which must set forth the basis for lifting the designation.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Designating Party's designation.

## 7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a nonparty in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

A Receiving Party must take reasonably adequate steps to ensure the security of Protected Materials.

7.2. <u>Disclosure of Protected Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

(a)  any Party and its Counsel;

(b)  any insurer or indemnitor of any defendant in this action;

(c)  Experts of the Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)  Mediators or arbitrators engaged by the Parties for settlement purposes in the action;

(g)  during their depositions, witnesses in the action;

(h)  any person who authored or previously received the document, or

(i)  the original source of the information; and

(j)  any witness at trial

7.3.  <u>Use of Protected Material in Court Documents</u>.   All quotations, extracts, or summaries of Protected Material included in pleadings, briefs, or other written materials filed with the Court shall likewise be treated as confidential and filed in accordance with the provisions of this Protective Order.

7.4.  <u>Use of Protected Material at Trial</u>.  This Protective Order does not address the use of Protected Material at trial.  The Parties agree to meet and confer regarding use of Protected Material in connection with trial and to raise the issue with the Court at an appropriate time.

7.5.  <u>Maintenance of Exhibits A</u>.  Counsel of record for each Receiving Party shall maintain executed copies of the "Agreement to Be Bound by Protective Order" (Exhibit A) for each person to whom Protected Material is disclosed in accordance with Section 7.2. of this Protective Order.  Such executed agreements shall be available for inspection by counsel for the Designating Party upon order of the Court following a showing of good cause.  Executed Exhibits A shall not be discoverable except upon good cause shown and upon order of the Court.

**8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing within five business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the

subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

**10.  FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**11.  FINAL DISPOSITION**

11.1. Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the entry of a final judgment no longer subject to appeal on the merits of this case, each

Receiving Party must return or destroy all Protected Material to the Producing Party.

11.2. Notwithstanding this provision, Counsel are entitled to retain copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

11.3. Both parties agree and affirm that Counsel will use Protected Material in attorney work product only as necessary, and neither party or its counsel shall create work product for the purpose of retaining Protected Material or otherwise evading the terms of this Protective Order or the obligation to return or destroy Protected Material.

11.4.  In accordance with the provisions of Sections 11.1. and 11.3. herein, each Receiving Party shall confirm in writing, by the close of the 60 day period commencing with the entry of a final judgment no longer subject to appeal on the merits of this case, that it has returned or destroyed all Protected Material not contained in the documents specified in Section 11.2. and that Protected Material was included in attorney work product only as necessary.

11.5  Nothing in this Protective Order shall operate as a waiver of the attorney-client privilege or the protections of the work product doctrine by any Party or Counsel.  Nothing in this Protective Order shall permit or grant any right to any Party, nonparty, or his, her, or its Counsel to access, compel production of, review, or discover any attorney work product, material protected by the attorney-client privilege, or other materials set forth in Section 11.2 above.

**12.  MISCELLANEOUS**

12.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  The Parties shall meet and confer regarding any proposed modifications before seeking relief from the Court.

12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or

COHEN MILSTEIN
SELLERS & TOLL PLLC
Attorneys At Law

10

1   producing any information or item on any ground not addressed herein. Similarly, no Party

2   waives any right to object on any ground to use in evidence of any of the material covered by

3   this Stipulated Protective Order.

4       12.3   Execution.   This Protective Order may be executed in one or more counterparts by

5   original signature or by fax, each of which shall be deemed to constitute an original, but all of

6   which together shall constitute one agreement.   Alternatively, this Protective Order may be

7   executed by electronic signature as provided by General Order 45 of the U.S. District Court for

8   the Northern District of California.

9       12.4.   Immediate Effect.   The Parties agree to be bound by the terms of this Protective

10  Order even prior to its entry by the Court.   This Protective Order applies to all Discovery

11  Material produced in this matter, whether produced before or after the entry of this Protective

12  Order and whether produced by a Party or nonparty.

13      12.5   Privileged/Protected Material.   If a Producing Party notifies the Receiving Party in

14  writing that documents or other information have been inadvertently disclosed that the Producing

15  Party believes in good faith to be subject to a claim of privilege (the "Inadvertent Material"),

16  including but not limited to attorney-client privilege or attorney work product, and also notifies

17  the Receiving Party of the basis for the claim of privilege, Federal Rule of Evidence 502 and

18  Federal Rule of Civil Procedure 26(b)(5)(B) shall apply.   The Receiving Party shall promptly

19  return or destroy all copies of the document in its possession and make no further use of the

20  document, or the information contained in it, in this proceeding or for any other purpose.   The

21  Receiving Party shall return, or confirm destruction of, the document to the Producing Party

22  within seven (7) days of the notice of inadvertent production.

23      12.6   Challenging Privilege Designation.   If the Receiving Party intends to challenge the

24  privilege designation of any Inadvertent Material, it shall first take immediate steps to sequester

25  the document and make no further use of the document, or the information contained in it, during

26  the pendency of the process described herein.   The Parties shall meet and confer concerning the

27

28

Cohen Milstein
Sellers & Toll PLLC
Attorneys At Law

11

STIPULATED PROTECTIVE ORDER

1    Inadvertent Material within seven (7) days after the Producing Party notifies the Receiving Party

2    of the inadvertent disclosure.  If the Parties cannot reach an agreement on the document, the

3    Receiving Party must move the Court within thirty (30) business days of the meet-and-confer for

4    a determination of the claim. Any filing of Inadvertent Material with the Court shall be made

5    under seal and consistent with the terms of this Order.

6    DATED:  August 15, 2014

7

8    **GOLD BENNETT CERA & SIDENER LLP**    **LATHAM & WATKINS LLP**

9    By: /s/ Solomon B. Cera                       By: /s/ Peter A. Wald
         Solomon B. Cera                                Peter A. Wald
10

11   *Liaison Counsel for Lead Plaintiff Boilermaker*    Peter A. Wald (Bar No. 85705)
     *Blacksmith National Pension Trust*                 Marcy C. Priedeman (Bar No. 258505)
                                                         505 Montgomery St., Suite 2000
12   **COHEN MILSTEIN SELLERS & TOLL**                   San Francisco, California  94111
     **PLLC**                                            Telephone:  (415) 391-0600
13                                                       Facsimile:  (415) 395-8095
     Steven J. Toll (admitted *pro hac vice*)            peter.wald@lw.com
14   Daniel S. Sommers (admitted *pro hac vice*)         marcy.priedeman@lw.com
     Joshua M. Kolsky (admitted *pro hac vice*)
15   Genevieve Fontan                                    and
     1100 New York Avenue, N.W.
16   West Tower, Suite 500                               Patrick E. Gibbs (Bar No. 183174)
     Washington, D.C. 20005                              140 Scott Drive
17   Telephone: (202) 408-4600                           Menlo Park, California 94025-1008
     Fax: (202) 408-4699                                 Telephone:  (650) 328-4600
18                                                       Facsimile:  (650) 463-2600
     Christopher Lometti (admitted *pro hac vice*)       patrick.gibbs@lw.com
19   88 Pine Street, 14th Floor
     New York, New York 10005                            *Counsel for Defendants Impax Laboratories,*
20   Telephone: (212) 838-7797                           *Inc., Larry Hsu, and Arthur A. Koch,*
     Facsimile: (212) 838-7745
21
     *Lead Counsel for Lead Plaintiff Boilermaker*
22   *Blacksmith National Pension Trust*

23

24

25

26

27

28

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3    DATED: August 18, 2014

        Hon. Edward M. Chen
4       United States District Court Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case *Mulligan v. Impax Laboratories, Inc. et al.*, Case No. 13-cv-01037-EMC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order.  I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED: _____            _____

(signature)

Cohen Milstein
Sellers & Toll PLLC
Attorneys At Law

STIPULATED PROTECTIVE ORDER

14

1    **SIGNATURE ATTESTATION**

2        I am the ECF User whose identification and password are being used to file the foregoing

3    document.  Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Solomon B.

4    Cera, attest that concurrence in the filing of this document has been obtained.

5

6

7    DATED:  August 15, 2014              _/s/ Solomon B. Cera_____
                                          Solomon B. Cera

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cohen Milstein
Sellers & Toll PLLC
Attorneys At Law

15                                          STIPULATED PROTECTIVE ORDER