1  SOLOMON B. CERA (State Bar No. 99467)
   THOMAS C. BRIGHT (State Bar No. 169713)
2  GOLD BENNETT CERA & SIDENER LLP
   595 Market Street
3  San Francisco, California 94105
   Telephone: (415) 777-2230
4  Fax: (415) 777-5189
   Email: sbc@gbcslaw.com
5  Email: tbright@gbcslaw.com

6  *Liaison Counsel for Lead Plaintiff the Boilermaker-Blacksmith*
   *National Pension Trust*

7
   [Additional counsel listed on signature page]
8

9

10

11

12              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
13

14  DENIS MULLIGAN, Individually and on          Case No.  3:13-cv-01037-EMC
    Behalf of All Others Similarly Situated,
15                                               **NOTICE OF MOTION AND MOTION**
                         Plaintiff,              **FOR PRELIMINARY APPROVAL OF**
16                                               **CLASS ACTION SETTLEMENT;**
    v.                                           **MEMORANDUM OF POINTS AND**
17                                               **AUTHORITIES IN SUPPORT OF**
    IMPAX LABORATORIES, INC., LARRY              **PLAINTIFF'S MOTION**
18  HSU, and ARTHUR A. KOCH,

19                       Defendants.

20

21
    (Caption continued on next page)
22

23

24

25

26

27

28
─────────────────────────────────────────────
PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL                      COHEN MILSTEIN
Consolidated Case No. 3:13-cv-01037-EMC                        SELLERS & TOLL
                                                                    PLLC
                                                              ATTORNEYS AT LAW
                                                                 WASHINGTON

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HAVERHILL RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiff,

v.

IMPAX LABORATORIES, INC., LARRY
HSU, and ARTHUR A. KOCH,

        Defendants.

Case No.  3:13-CV-01566-EMC

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
P.L.L.C.
ATTORNEYS AT LAW
WASHINGTON, D.C.

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION AND MOTION ...................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED .......................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.   INTRODUCTION ............................................................................................................ 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ....................................................... 2

III. ARGUMENT ................................................................................................................... 3

    A.  The Settlement Should be Preliminarily Approved ................................................... 3

        1.  Legal Standard for Preliminary Approval ...................................................... 3

        2.  The Proposed Settlement Provides a Favorable Recovery for the Class ..................... 5

        3.  The Risks of Further Litigation Weigh Heavily in Favor of Preliminary Approval ........................................................................................................... 5

        4.  The Support of the Settlement by Experienced Counsel Weighs in Favor of Preliminary Approval ................................................................................ 6

    B.  The Class Should Be Certified for Settlement Purposes ............................................ 7

        1.  Numerosity ..................................................................................................... 8

        2.  Commonality ................................................................................................. 8

        3.  Typicality ...................................................................................................... 9

        4.  Adequacy ...................................................................................................... 10

        5.  Common Questions of Law Predominate and a Class Action Is the Superior Method of Adjudication ................................................................. 10

    C.  The Proposed Class Notice Should be Approved ...................................................... 11

    D.  Proposed Schedule of Events .................................................................................... 14

CONCLUSION ......................................................................................................................... 14

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alfus v. Pyramid Tech. Corp.*,
  764 F. Supp. 598 (N.D. Cal. 1991) ................................................................. 9

*Armstrong v. Board of School Directors*,
  616 F.2d 305 (7th Cir. 1980) ........................................................................ 7

*Balderas v. Massage Envy Franchising*, LLC,
  2014 U.S. Dist. LEXIS 99966 (N.D. Cal. July 21, 2014) ............................... 12

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975) ........................................................................ 8

*Browning  v. Yahoo! Inc.*,
  No. C04-01463, 2007 U.S. Dist. LEXIS 86266 (N.D. Cal. Nov. 16, 2007) ..................... 3

*Danis v. USN Commc'ns, Inc.*,
  189 F.R.D. 391 (N.D. Ill. 1999) .................................................................... 9

*Dubin v. Miller*,
  132 F.R.D. 269 (D. Colo. 1990). ................................................................... 9

*Eisenberg v. Gagnon*,
  766 F.2d 770 (3d Cir. 1985) ........................................................................ 11

*In re Cirrus Logic Sec.*,
  155 F.R.D. 654 (N.D. Cal. 1994). ................................................................. 8

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
  MDL No. 901, 1992 U.S. Dist. LEXIS 14337 (C.D. Cal. June 10, 1992) ..................... 7

*Fisher Bros. v. Cambridge-Lee Indus., Inc.*,
  630 F. Supp. 482 (E.D. Pa. 1985) ................................................................ 7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................ 7, 10

*Hanon v. Dataprods. Corp.*,
  976 F.2d 497 (9th Cir. 1992) ........................................................................ 9

iv

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

*In re Heritage Bond Litig.*,
    No. 02-ML-1475, 2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005) ................... 3

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) .......................................................................... 11

*In re Intelcom Grp., Inc., Sec. Litig.*,
    169 F.R.D. 142 (D. Colo. 1996) ...................................................................................... 9

*In re Inter-Op Hip Prosthesis, Liab. Litig.*,
    204 F.R.D. 359 (N.D. Ohio 2001) ................................................................................. 11

*Kirkorian v. Borelli*,
    695 F. Supp. 446 (N.D. Cal. 1988) .................................................................................. 7

*Knutson v. Schwan's Home Serv.*,
    2014 U.S. Dist. LEXIS 99637 (S.D. Cal. July 14, 2014) ............................................... 12

*Lerwill v. Inflight Motion Pictures, Inc.*,
    582 F.2d 507 (9th Cir. 1978) ......................................................................................... 10

*Murillo v. Pac. Gas & Elec. Co.*,
    266 F.R.D. 468 (E.D. Cal. 2010) ..................................................................................... 3

*Nat'l Rural Telecommc'ns. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................................... 3

*Newman v. Stein*,
    464 F.2d 689 (2d Cir. 1972). ........................................................................................... 5

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982). .......................................................................................... 3

*In re PaineWebber Ltd. P'ships Litig.*,
    171 F.R.D. 104 (S.D.N.Y. 1997). .................................................................................... 5

*Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv.*,
    611 F. Supp. 990 (C.D. Cal. 1984) .................................................................................. 8

*Reed v. Gen. Motors Corp.*,
    703 F.2d 170 (5th Cir. 1983) ........................................................................................... 7

*Roberts v. Electrolux Home Prods.*,
    2014 U.S. Dist. LEXIS 130163 (C.D. Cal. Sept. 11, 2014) ........................................... 12

v

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ........................................................................... 11

*Sandoval v. Tharaldson Emp. Mgmt., Inc.*, Case
    No. 08-482 2010 U.S. Dist. LEXIS 69799 (C.D. Cal. June 15, 2010) ........................... 11

*Schwartz v. Harp*,
    108 F.R.D. 279 (C.D. Cal. 1985) ........................................................................... 8

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) ........................................................................... 3

*In re Wireless Facilities, Inc. Sec. Litig.*,
    253 F.R.D. 630 (S.D. Cal. 2008) ........................................................................... 9

*In re Wireless Facilities, Inc. Sec. Litig. II*,
    253 F.R.D. 607 (S.D. Cal. 2008). ........................................................................... 4

*Williams v. Costco Wholesale Corp.*,
    No. 02-cv-2003, 2010 U.S. Dist. LEXIS 19674 (S.D. Cal. Mar. 4, 2010) ..................... 4

*Wehner v. Syntex Corp.*,
    117 F.R.D. 641 (N.D. Cal. 1987) ........................................................................... 8

*Weinberger v. Kendrick*,
    698 F.2d 61, (2d Cir. 1982) ........................................................................... 7

*Young v. Polo Retail, LLC*,
    No C-02-4546, 2006 U.S. Dist. LEXIS 81077 (N.D. Cal. Oct. 25, 2006) ..................... 4

STATUTES AND RULES

15 U.S.C. § 78j ...….................................................................................................. 2

15 U.S.C. § 78t ...….................................................................................................. 2

15 U.S.C. § 78u-4 ........................................................................................................ 13

Fed. R. Civ. P. 23........................................................................................... *passim*

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Lead Plaintiff Boilermaker-Blacksmith National Pension Trust hereby moves for an order (i) granting preliminary approval of the proposed Settlement set forth in the Stipulation of Settlement; (ii) approving the form and manner of giving notice of the proposed Settlement to the Class; and (iii) setting a hearing date to consider final approval of the proposed Settlement and Lead Counsel's request for an award of attorneys' fees and costs.  The Motion is scheduled to be heard at 1:30 p.m. on January 15, 2015, in the courtroom of the Honorable Edward M. Chen, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California.

**STATEMENT OF ISSUES TO BE DECIDED**

1.  Whether the proposed Settlement should be preliminarily approved.

2.  Whether the proposed form and manner of notice to the Class should be approved.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The proposed Settlement now before the Court for preliminary approval provides for the payment of $8 million in cash plus accruing interest for the benefit of the Class.  The proposed Settlement would resolve all claims and all defenses as to all parties in this litigation.  If granted final approval by the Court, it would result in the complete and final resolution of this litigation.  As discussed in detail below, Lead Plaintiff and Lead Counsel submit that the proposed Settlement is in the best interest of the Class and represents a significant recovery, particularly in light of the risks of further litigation.   Accordingly, Lead Plaintiff respectfully moves for preliminary approval of the proposed Settlement.

If preliminary approval is granted, Lead Plaintiff will notify Class members of the proposed Settlement by mailing the Notice of Pendency and Proposed Settlement of Class Action

("Notice") and Proof of Claim and Release to them.  The Notice advises Class members of the essential terms of the proposed Settlement, of information regarding Lead Counsel's application for attorneys' fees and reimbursement of expenses, and of the proposed plan for allocating the Settlement proceeds among Class members.  The Notice also sets forth the procedure for objecting to the proposed Settlement or opting out of the Class, and notifies Class members of the date, time, and place of the Settlement Fairness Hearing.  The Stipulation also provides for a Summary Notice, which would be widely disseminated by Lead Plaintiff.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2013, a complaint was filed in the Northern District of California on behalf of a putative class of purchasers of Impax Laboratories, Inc. ("Impax" or the "Company") common stock, captioned *Mulligan v. Impax Laboratories, Inc. et al.*, No. 13-cv-01037.  On April 8, 2013, a similar complaint captioned *Haverhill Retirement System v. Impax Laboratories, Inc. et al.*, No. 13-cv-01566 was filed in the Northern District of California.  On June 17, 2013, the Court issued an Order consolidating the actions, appointing Boilermaker-Blacksmith National Pension Trust as Lead Plaintiff, and appointing Cohen Milstein Sellers & Toll PLLC as Lead Counsel. Dkt. No. 45.

On September 13, 2013, Lead Plaintiff filed its Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission.  Dkt. No. 63.  The Complaint alleged that Defendants either knowingly or recklessly made false and/or misleading statements to the public concerning Impax's ability to correct deficiencies cited by the Food and Drug Administration.  On April 18, 2014, the Court denied Defendants' motion to dismiss the Complaint.  Dkt. No. 91.

On June 2, 2014, the Court entered an Order requiring that private mediation be completed within 120 days.  Dkt. No. 99.  The Order further provided that, "[p]rior to the

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

mediation, written discovery shall be limited to narrowly tailored discovery necessary to facilitate mediation." *Id.* Lead Plaintiff served document requests on Defendants and served subpoenas on various non-parties. Defendants produced to Lead Plaintiff over 284,000 pages of documents and non-parties produced to Lead Plaintiff over 11,000 pages of documents.

On September 22, 2014, the parties participated in a full-day formal mediation conducted by the Hon. Layn R. Phillips (ret.), which resulted in an agreement in principle to settle the action. The parties then spent several weeks negotiating the details of a formal settlement agreement and drafted the relevant settlement papers, executing the Stipulation of Settlement ("Stipulation"), on November 25, 2014.

### III.   ARGUMENT

#### A. The Settlement Should be Preliminarily Approved

##### 1. Legal Standard for Preliminary Approval

Federal Rule of Civil Procedure 23(e) requires judicial approval of any compromise of claims brought on a class-wide basis. Fed. R. Civ. P. 23(e) ("The Claims . . . of a certified class may be settled . . . only with the court's approval."). "In deciding whether to approve a proposed settlement, the Ninth Circuit has a 'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" *In re Heritage Bond Litig.*, MDL Case No.: 02-ML-1475, 2005 U.S. Dist. LEXIS 13555, at *9 (C.D. Cal. June 10, 2005); *see also Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "[T]here is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Browning v. Yahoo! Inc.*, No. C04-01463, 2007 U.S. Dist. LEXIS 86266, at *39 (N.D. Cal. Nov. 16, 2007) ("public and judicial policies strongly favor settlement of class action suits").

Approval of a class action settlement requires two stages of judicial approval: (i) preliminary approval, followed by the distribution of notice to the class and (ii) final approval. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 473 (E.D. Cal. 2010) ("Procedurally, the

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

approval of a class action settlement takes place in two stages."); *see also Nat'l Rural Telecommc'ns. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). "In the first stage of the approval process, the court preliminarily approve[s] the Settlement pending a fairness hearing, temporarily certifie[s] the Class . . ., and authorize[s] notice to be given to the Class." *Murillo*, 266 F.R.D. at 473 (alterations in original).

At this initial preliminary approval stage, the "Court need only determine whether the proposed settlement appears on its face to be fair" and "falls within the range of possible approval." *Williams v. Costco Wholesale Corp.*, No. 02-cv-2003, 2010 U.S. Dist. LEXIS 19674, at *15-16 (S.D. Cal. Mar. 4, 2010); *see also In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 612 (S.D. Cal. 2008). In considering whether to grant preliminary approval of a proposed class action settlement, courts make a preliminary evaluation of the fairness of the settlement. At this stage, however, the Court is not required to make a final determination as to whether the proposed Settlement will ultimately be found to be fair, reasonable, and adequate. Rather, that evaluation is made only at the final approval stage, after notice of the proposed Settlement has been given to the members of the Class and Class members have had an opportunity both to voice their views of the proposed Settlement and to exclude themselves from the Class. *See Williams*, 2010 U.S. Dist. LEXIS 19674, at *14-15 ("Given that some [] factors cannot be fully assessed until the Court conducts a Final Approval Hearing, 'a full fairness analysis is unnecessary at this stage.'").

By its motion, Lead Plaintiff is only now requesting that the Court take the first step in the settlement review process. To this end,

> [p]reliminary approval of a settlement and notice to the proposed class is appropriate: [i]f [1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval.

*Williams*, 2010 U.S. Dist. LEXIS 19674, at *15 (citation omitted).[1]

---

[1] *See also Young v. Polo Retail, LLC*, No C-02-4546 VRW, 2006 U.S. Dist. LEXIS 81077, at *12-13 (N.D. Cal. Oct. 25, 2006) ("If the proposed settlement appears to be the product of

---

4

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

As demonstrated below, the proposed Settlement is a fair result in light of the circumstances present in this action.  Given the complexity of this litigation, the potential difficulty of proving certain elements of the Class' claims, and the continued risks if the parties were to proceed to trial, the Settlement represents a favorable resolution of this action and eliminates the risk that the Class might otherwise recover nothing at all.  Accordingly, the proposed Settlement satisfies the criteria for assessing preliminary approval of a proposed settlement, and the proposed Settlement is well within the range of possible approval.

### 2.   The Proposed Settlement Provides a Favorable Recovery for the Class

The determination of a "reasonable" settlement "'is not susceptible of a [single] mathematical equation yielding a particularized sum.'"  *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 130 (S.D.N.Y. 1997), *aff'd*, 117 F.3d 721 (2d Cir. 1997).  Rather, "in any case there is a range of reasonableness with respect to a settlement."  *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

As set forth above, the Settlement provides for the cash recovery of $8,000,000 to be allocated among Class members following deduction of Court-approved fees and expenses.  That amount represents a substantial portion of the total Class damages.  Lead Plaintiff submits that the Settlement amount is a very good recovery, particularly considering the significant risk factors discussed below.  It is a prompt recovery of a material percentage of the likely provable damages suffered by the Class.  Given the numerous obstacles and risks to be overcome to achieve such a recovery through litigation and at trial, and its attendant delays, the Settlement amount is well within the range of possible approval.

### 3.   The Risks of Further Litigation Weigh Heavily in Favor of Preliminary Approval

Lead Counsel believes that the amount of the proposed Settlement is fair, adequate, and

---

serious, informed, non-collusive negotiations, has no[] obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing.").

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

reasonable, given the possibility that Lead Plaintiff might not prevail at the summary judgment stage or at trial and the substantial risk that, even if Lead Plaintiff were to prevail at trial and on any subsequent appeals, a process that might take years.   And even if Lead Plaintiff were to prevail and were able to collect a judgment, any damages awarded might be much smaller than those that Lead Plaintiff seeks.   By contrast, the proposed Settlement would provide an assured all-cash benefit to Class members in the near future.

If the action were to continue, Lead Plaintiff and the Class would face numerous obstacles and risks.   As this Court is aware, this action faced many factual and legal obstacles about which the parties disagree and, to this day, Defendants adamantly deny any wrongdoing.   Defendants raised numerous challenges to the Complaint in their motion to dismiss, attacking the allegations of materiality, falsity, and scienter.   While the Court denied the motion to dismiss, it was careful to point out that the rulings were "for purposes of the motion to dismiss only" such that Defendants would be free to reassert its various defenses later in the litigation, including at summary judgment.

Moreover, the discovery reviewed by Lead Plaintiff in preparation for the parties' mediation provided a meaningful level of support for Defendants' arguments.   At trial, Defendants would have an evidentiary basis from which to argue that they were indeed attempting to remediate the problems identified by the FDA and that they genuinely believed their statements to investors were accurate.   Because there is evidence in favor of both sides, a trial in this matter would be a risky endeavor.   Finally, even if Lead Plaintiff obtained a favorable jury verdict, it would face the prospect of appeals which might take years to resolve and which might ultimately result in an appellate decision in Defendants' favor.

### 4.   The Support of the Settlement by Experienced Counsel Weighs in Favor of Preliminary Approval

In determining whether the proposed Settlement should be preliminarily approved, the Court should consider Lead Counsel's view that the proposed Settlement is fair, reasonable, and

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

adequate.  Courts recognize that the opinion of experienced counsel supporting the settlement is entitled to considerable weight.  *See, e.g.*, *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL Docket No. 901, 1992 U.S. Dist. LEXIS 14337, at *8 (C.D. Cal. June 10, 1992) (finding belief of counsel that the proposed settlement represented the most beneficial result for the class to be a compelling factor in approving settlement).[2]  Here, Lead Counsel is Cohen Milstein Sellers & Toll PLLC, a firm with substantial experience and expertise in litigating securities class actions.    Moreover, it is noteworthy that this proposed Settlement is the result of arm's length negotiations by experienced counsel, after a thorough investigation into the facts of the case.

## B.  The Class Should Be Certified for Settlement Purposes

The preliminary approval process is also utilized to certify a settlement class when a class has not previously been certified by the court.  The Ninth Circuit has long recognized that class actions may be certified for the purpose of settlement only as long as the class meets the certification requirements under Rule 23.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  Rule 23(a) sets forth four prerequisites to class certification: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation.   In addition, the class must meet one of the three requirements of Rule 23(b).  *See* Fed. R. Civ. P. 23.  Here, the proposed Class is defined in the Stipulation as all persons or entities who purchased Impax's common stock on the NASDAQ during the period between June 6, 2011 and March 4, 2013, inclusive and were purportedly injured by virtue of the misconduct alleged in the Complaint.  Stipulation at ¶ 1(c).

Courts have generally found securities claims to be particularly well-suited for class treatment because they allow for the policies behind the securities laws to be enforced in circumstances where there are numerous investors with small individual claims that otherwise

---

[2]  *See also Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983); *Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1982); *Armstrong v. Board of School Directors*, 616 F.2d 305, 325 (7th Cir. 1980); *Fisher Bros. v. Cambridge-Lee Indus., Inc.*, 630 F. Supp. 482, 489 (E.D. Pa. 1985).

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

would effectively be barred from litigation. *See Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975). This action is no exception and, as explained below, the proposed Class satisfies each of the requirements of Rule 23.

### 1. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is impracticable. Classes consisting of 25 members have been held to be large enough to justify certification. *See Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv.*, 611 F. Supp. 990, 995 (C.D. Cal. 1984); *see also In re Cirrus Logic Sec.*, 155 F.R.D. 654, 656 (N.D. Cal. 1994). Additionally, the exact size of the class need not be known so long as general knowledge and common sense indicate that the class is large. *See Cirrus Logic*, 155 F.R.D. at 656; *see also Schwartz v. Harp*, 108 F.R.D. 279, 281-82 (C.D. Cal. 1985) ("A failure to state the exact number in the proposed class does not defeat class certification[.]") (citations omitted).

Here, millions of shares of Impax stock were traded during the Class Period. In addition, beneficial holders of Impax stock are believed to number in the thousands and are geographically located throughout the United States, making joinder of all Class members impracticable. Thus, the numerosity element is satisfied.

### 2. Commonality

Rule 23(a)(2) is satisfied where the proposed class representative shares at least one question of fact or law with the claims of the prospective class. *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987). Further, there may be varying fact situations among individual members of the class as long as the claims of the plaintiff and other class members are based on the same legal or remedial theory. *Blackie*, 524 F.2d at 902. Here, questions that are common to the proposed Class include, among others: (i) whether Defendants' alleged acts violated the federal securities laws; (ii) whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about Impax; (iii) whether the price of Impax common stock was artificially inflated during the Class Period; and (iv) to what extent the

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

members of the Class have sustained damages and the proper measure of such damages.

Securities actions containing common questions such as the ones listed above have repeatedly been held to be prime candidates for class certification.  In short, because the core complaint of all Class members is that they purchased Impax stock at artificially inflated prices, and suffered damages as a result of the alleged securities violations, the commonality requirement of Rule 23(a)(2) is satisfied.  *See In re Wireless Facilities, Inc. Sec. Litig.*, 253 F.R.D. 630, 635 (S.D. Cal. 2008) (finding "core issue" in a securities litigation to be plaintiffs' acquisition of "[defendant's] common stock at artificially inflated prices").

### 3.   Typicality

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted).  Differences in the amount of damages, the size or manner of purchase, the nature of the purchaser, and the date of purchase are insufficient to defeat class certification.  *See Alfus v. Pyramid Tech. Corp.*, 764 F. Supp. 598, 606 (N.D. Cal. 1991).  In other words, typicality exists "even where factual distinctions exist between the claims of the named representative and the other class members."  *Danis v. USN Commc'ns, Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  The typicality requirement recognizes that a class representative "with claims typical of the class will, in pursuing and defending his own self-interest in the litigation, be concomitantly advancing or defending the interests of the class." *Dubin v. Miller*, 132 F.R.D. 269, 274 (D. Colo. 1990).

Here, Lead Plaintiff's and the Class members' claims arise from the same alleged conduct by Defendants.  Lead Plaintiff alleges that, like the other members of the Class, it purchased Impax common stock at prices that were inflated because Defendants, in violation of the federal securities laws, issued false and materially misleading statements and/or omissions during the Class Period.  The proof that Lead Plaintiff would present to establish its claims would also prove

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

Cohen Milstein
Sellers & Toll
PLLC
Attorneys At Law
Washington, D.C.

the claims of the rest of the Class. *See In re Intelcom Grp., Inc., Sec. Litig.*, 169 F.R.D. 142, 149 (D. Colo. 1996) (finding typicality in securities class action where major issue presented was "whether the Defendants have violated the federal securities laws"). Further, Lead Plaintiff is not subject to any unique defenses that could make it an atypical member of the Class.

### 4. Adequacy

A representative party satisfies Rule 23(a)'s adequacy requirement by showing that it will fairly and adequately protect the interests of the class. To satisfy this requirement, the proposed class representative must be free of interests that are antagonistic to the other members of the class, and counsel representing the class must be qualified, experienced, and capable of conducting the litigation. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) (citation omitted); *Hanlon*, 150 F.3d at 1020.

Here, as described above, Lead Plaintiff has claims that are typical of and coextensive with those of the Class. Lead Plaintiff, like all Class members, purchased Impax common stock at artificially inflated prices during the Class Period as a result of Defendants' alleged materially false and misleading statements and/or omissions, and was allegedly damaged thereby.

Further, Lead Plaintiff has retained counsel highly experienced in securities class action litigation, who have successfully prosecuted many securities and other complex class actions throughout the United States. Thus, Lead Plaintiff is an adequate representative of the proposed Class, and its counsel is qualified, experienced, and capable of prosecuting this action, in satisfaction of Rule 23(a)(4).

### 5. Common Questions of Law Predominate and a Class Action Is the Superior Method of Adjudication

Finally, in addition to the four requirements of Rule 23(a), a class must also satisfy one of the three requirements of Rule 23(b). Here, little question exists that a class action is superior to other available methods for litigation of the claims asserted here, as required by Rule 23(b)(3). To ensure that the class action is more efficient than individual actions, Rule 23(b) requires that common issues predominate over issues that are particular to a class representative. Generally,

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

common questions will predominate if the common issue constitutes a significant part of each of the class members' individual cases. "[C]ommon issues need only predominate, not outnumber individual issues." *In re Inter-Op Hip Prosthesis, Liab. Litig.*, 204 F.R.D. 359, 374-75 (N.D. Ohio 2001). Further, "the superiority of class actions in large securities fraud [matters] is well recognized." *Intelcom*, 169 F.R.D. at 149. The predominance test is met in this action: the same set of operative facts and a single proximate cause applies to each Class member. Further, the fact that a class action is the superior method to efficiently and effectively pursue the claims alleged here is shown by the fact that if Lead Plaintiff and each of the Class members were to bring individual actions, they each would be required to prove the same wrongdoing by Defendants to establish liability. *See Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985) (class actions are a particularly appropriate and desirable means to resolve claims based on securities laws).

In light of the foregoing, all of the requirements of Rule 23(a) and (b) are satisfied and the Court should certify the proposed Class for settlement purposes and appoint Lead Plaintiff as the class representative.

### C.  The Proposed Class Notice Should be Approved

Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See also* Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the propos[ed settlement].").  Moreover, "[n]otice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"[3]

---

[3] *See also Sandoval v. Tharaldson Emp. Mgmt., Inc.*, Case No. EDCV 08-482-VAP (OPx), 2010 U.S. Dist. LEXIS 69799, at *29 (C.D. Cal. June 15, 2010) ("The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and binding nature of a class judgment."); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166,

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

Here, the parties negotiated the form of the Notice to be disseminated to all persons and entities who fall within the definition of the Class and whose names and addresses have been or can be identified through Impax's transfer records and shareholder information.  In addition, the Claims Administrator[4] will mail copies of the Notice to entities which commonly hold securities in "street name" as nominees for the benefit of their customers who are the beneficial purchasers of the securities.  The parties further propose to supplement the mailed Notice with the Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") – an additional description of the action and proposed Settlement, to be published in Investor's Business Daily and transmitted once over the Globe Newswire.[5]  Lead Counsel will also make copies of the Notice and Proof of Claim available for download via the website created for the Settlement, www.ImpaxSecuritiesLitigation.com.  The address for the website is set forth in both the Notice and Summary Notice.  In addition to providing access to the Notice and Summary Notice, the website will provide copies of the operative complaint and other important pleadings, as well as important information regarding the action and the proposed Settlement.

In addition, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner."  The proposed Notice satisfies the requirements of Rule 23(h)(1), as it notifies Class members that Lead Counsel will apply to the Court for attorneys' fees in an amount not to exceed thirty (30) percent of the total Settlement and for reimbursement of reasonable

---

1170 (S.D. Cal. 2007) (same).

[4] The proposed claims administrator, KCC Class Action Services ("KCC"), was selected by Lead Counsel through a competitive bid process.  KCC is an experienced administrator in securities and other class actions.  *See* http://www.kccllc.com; *see also Knutson v. Schwan's Home Serv.*, 2014 U.S. Dist. LEXIS 99637 (S.D. Cal. July 14, 2014) (appointing KCC as claims administrator and noting that "KCC specializes in providing administrative services for class-action litigation"); *Balderas v. Massage Envy Franchising*, LLC, 2014 U.S. Dist. LEXIS 99966, at *8, 21 (N.D. Cal. July 21, 2014) (appointing KCC as claims administrator); *Roberts v. Electrolux Home Prods.*, 2014 U.S. Dist. LEXIS 130163, at *7 (C.D. Cal. Sept. 11, 2014) (court appointed KCC as claims administrator).

[5] The proposed Notice and Summary Notice are attached to the Stipulation as Exhibits A and D.

---

12

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

litigation expenses not to exceed $160,000, to be paid from the Settlement Fund.

The proposed Notice includes all of the information required by the PSLRA, as well as additional information.[6]  The proposed Notice describes the proposed Settlement and sets forth, among other things: (1) the nature, history, and status of the litigation; (2) the definition of the Court-certified Class and who is excluded; (3) the reasons the parties have proposed the Settlement; (4) the amount of the Settlement Fund; (5) the estimated average distribution per damaged share; (6) the Class's claims and issues; (7) the parties' disagreement over damages and liability; (8) the maximum amount of attorneys' fees and expenses that Lead Counsel intends to seek in connection with final Settlement approval; (9) the maximum amount Lead Plaintiff will request for reimbursement of costs and expenses (including lost wages); (10) the plan for allocating the Settlement proceeds to the Class; and (11) the date, time and place of the final Settlement hearing.

Further, the proposed Notice discusses the rights Class members have in connection with the Settlement, including (1) the right to request exclusion from the Class and the manner for submitting a request for exclusion; (2) the right to object to the Settlement, or any aspect thereof, and the manner for filing and serving an objection; and (3) the right to participate in the Settlement and instructions on how to complete and submit a Proof of Claim to the Claims Administrator.  The Notice also provides contact information for Lead Counsel and counsel for Defendants, as well as the postal address for the Court.

---

[6] Specifically with respect to cases filed under the PSLRA, notices of settlements must state: (1) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per-share basis;" (2) "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter [], a statement from each settling party concerning the issue or issues on which the parties disagree;" (3) "a statement indicating which parties or counsel intend to make []an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought;" (4) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members;" and (5) "[a] brief statement explaining the reasons why the parties are proposing the settlement." 15 U.S.C. § 78u-4(a)(7).

---

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

As detailed above, the notice program proposed in connection with the Settlement and the form and content of the Notice and Summary Notice more than satisfy all applicable requirements of both the Federal Rules of Civil Procedure and the PSLRA.   Accordingly, in granting preliminary approval of the Settlement, Lead Plaintiff respectfully requests that the Court also approve the proposed form and method of giving notice to the Class.

**D.  Proposed Schedule of Events**

If the Court grants preliminary approval to the proposed Settlement, Lead Plaintiff respectfully proposes the following procedural schedule:

| Event | Proposed Time for Compliance |
| --- | --- |
| Deadline for mailing the Notice and Proof of Claim to Class members ("Notice Date") | 30 calendar days after entry of the Order for Notice and Hearing, attached as Exhibit C to the Stipulation |
| Deadline for publishing the Summary Notice | 10 calendar days after the Notice Date |
| Deadline for submitting Proofs of Claim and Release forms | 150 calendar days after the Notice Date |
| Deadline for filing papers in support of final settlement approval, request for attorneys' fees, and reimbursement of expenses | 30 calendar days before the Settlement Fairness Hearing |
| Deadline for requesting exclusion from the Class or filing an objection to the Settlement, request for attorneys' fees, or request for reimbursement of expenses | 21 calendar days before the Settlement Fairness Hearing |
| Deadline for filing of memoranda in response to any objections to the Settlement | 7 calendar days before the Settlement Fairness Hearing |
| Settlement Fairness Hearing | Approximately 100 calendar days after the Notice Date, or later at the Court's convenience |

**IV.   CONCLUSION**

Based on the foregoing, Lead Plaintiff respectfully requests that the Court enter the proposed Order for Notice and Hearing, which will: (i) preliminarily approve the Settlement; (ii) certify the proposed Class for settlement purposes only; (iii) approve the form and manner of

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.

giving notice of the Settlement to the Class; and (iv) set a hearing date and time to consider final approval of the Settlement and related matters and establish a schedule for various deadlines in connection with the Settlement.

Dated: November 26, 2014

GOLD BENNETT CERA & SIDENER LLP

_____/s/ Solomon B. Cera_____

Solomon B. Cera
595 Market Street
San Francisco, California 94105
Telephone: (415) 777-2230
Fax: (415) 777-5189

*Liaison Counsel for Lead Plaintiff the*
*Boilermaker-Blacksmith National Pension Trust*

COHEN MILSTEIN SELLERS
 & TOLL PLLC

Steven J. Toll (admitted *pro hac vice*)
Daniel S. Sommers (admitted *pro hac vice*)
Joshua M. Kolsky (admitted *pro hac vice*)
Genevieve O. Fontan
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005
Telephone: (202) 408-4600
Fax: (202) 408-4699

Christopher Lometti
88 Pine Street, 14th Floor
New York, New York 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

*Lead Counsel for Lead Plaintiff the*
*Boilermaker-Blacksmith National Pension Trust*

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
Consolidated Case No. 3:13-cv-01037-EMC

COHEN MILSTEIN
SELLERS & TOLL
PLLC
ATTORNEYS AT LAW
WASHINGTON, D.C.