United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENIS MULLIGAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>IMPAX LABORATORIES, INC., *et al.*,<br><br>    Defendants.<br>_____/<br>HAVERHILL RETIREMENT SYSTEM, individually and on behalf of all others similarly situated<br><br>    Plaintiff,<br><br>    v.<br><br>IMPAX LABORATORIES, INC., *et al.*,<br><br>    Defendants.<br>_____/ | No. C-13-1037 EMC<br><br>No. C-13-1566 EMC<br><br>**CONSOLIDATED CASES**<br><br>**ORDER RE SUPPLEMENTAL BRIEFING** |

    Currently pending before the Court is Plaintiffs' motion for preliminary approval of a class action settlement. Having reviewed the papers submitted, the Court hereby orders that the parties submit supplemental briefing and/or evidence on the following issues.

    (1) Plaintiffs assert in their motion that the $8,000,000 Settlement Fund "represents a substantial portion of the total Class damages." Dkt. No. 111. Plaintiffs, however, have not provided any information as to the maximum value of the case if they had prevailed on the merits. The parties should therefore provide their estimates as to the maximum value of this case. The parties should also provide sufficient explanation of how they arrived at this estimate.

(2) The Plaintiffs assert in their motion that the proposed settlement is fair, adequate, and reasonable given the risks of further litigation. Dkt. No. 111, at 5. Plaintiffs' discussion of the litigation risks, however, are highly general. The parties should provide a more detailed discussion of the relative merits and weaknesses of Plaintiffs' case, in light of the discovery that has occurred to date.

(3) The proposed Class Notice states that Lead Plaintiff's damages consultant has estimated that the "average recovery per share of Impax common stock under the Settlement will be $0.32 per share before the deduction of attorneys' fees costs and expenses." Dkt. No. 111-2. The parties should explain the methodology underlying this estimate. Further, the parties should provide an estimate (and an explanation of the reasoning underlying this estimate) of the per share recovery *after* attorneys' fees, costs and expenses are factored into the Settlement Fund.

(4) The Class Notice and Proof of Claim form – but not the Settlement Agreement – provide that no payment to Class Members will be distributed for less than $10.00. The parties should explain the rationale behind this limitation. This limitation appears to largely exclude small-investor Class Members from recovery under the Settlement Agreement. Further, the parties should clarify whether the $10.00 limitation applies before or after a Class Member's pro rata recovery share is calculated. For example: if a Class Member had a Recognized Loss of $15.00 but, as a result of the volume of Claims submitted by the Class, that Class Member's pro rata recovery was only $9.00, is that Class Member's recovery prohibited by this provision?

(5) The Plan of Allocation includes May 31, 2013 as a significant date. The parties should explain why May 31, 2013 was chosen.

(6) The Plan of Allocation defines a Class Members' Recognized Loss, in relevant part, as either $5.36 per share or the difference between the purchase price per share and the closing price at the date of sale. Dkt. No. 111-2, at 9. The parties should explain how this $5.36 per share figure was reached.

(7) The Settlement Agreement provides that Class Members will have a set period of time – defined in the Notice – to file their Proofs of Claim. *See* Settlement Agreement ¶ 19(b). As preliminary approval has not been granted, the Notice does not provide the specific deadline for

submitting a claim.  Nonetheless, the parties should provide the Court with an indication of how long the parties will have to submit their claims.

(8) The Settlement Agreement provides that residual funds in the Net Settlement Fund can, eventually, be distributed to a "501(c)(3) charity or charities recommended by Lead Counsel and approved by the Court." Settlement Agreement ¶ 24.  The parties should advise which 501(c)(3) charity would be an appropriate recipient of these funds.

(9) The Settlement Agreement includes reference to an undisclosed Supplemental Agreement which, as far as the Court can determine, sets forward circumstances in which either party may terminate the Settlement Agreement.  The parties should file a copy of this Supplemental Agreement with the Court and should explain why this Supplemental Agreement should remain confidential – particularly from Class Members who may seek to object to the Settlement Agreement.

(10) The definition of "Released Claims" provides that Class Members are releasing all causes of action, whether known or unknown, if they are "based upon, arise from, are in connection with, or relate to (a) the purchase, acquisition, sale, or holding of Impax securities for the time period between June 6, 2011 and March 4, 2013, inclusive; (b) the subject matter of the *Mulligan* action for the time period between June 6, 2011 and March 4, 2013, inclusive; or (c) the facts alleged or that could have been alleged in any complaint for the time period between June 6, 2011 and March 4, 2013, inclusive." Settlement Agreement ¶ 1(r).  Subsection (c) appears to extend the release to causes of action unrelated to the facts alleged in these consolidated actions.  For example, a Class Member who has a products liability claim against Impax that existed between June 6, 2011 and March 4, 2013 arguably could have alleged that claim in "any complaint" by simply filing a lawsuit.  The parties should clarify whether they intend the release to cover claims unrelated to the alleged Securities Act violations alleged in these actions.  If they do, the parties should justify the breadth of this provision in light of case law rejecting broad releases of claims unrelated to the allegations underlying the action. *See, e.g.*, *Christensen v. Hillyard, Inc.*, No. 13-cv-04389 NC, 2014 WL 3749523 (N.D. Cal. July 30, 2014).

(11) The parties should address whether page 4 and 14 of the class notice should be revised to make clear that a party may object to the Settlement Agreement, Plan of Allocation, or any attorneys' fees and expenses without opting out of the class. Dkt. No. 111-2, at 4, 14.

Supplemental briefing and/or evidence shall be filed by the parties by **Tuesday, January 13, 2015,** at **3:00pm.**

IT IS SO ORDERED.

Dated:  January 8 , 2015

_____
EDWARD M. CHEN
United States District Judge